Dear Mr. Hawkland:
You have asked this office to determine whether R.S. 35:399
authorizes Baton Rouge Airport police officers to be appointed notaries public. For the following reasons, our response is in the affirmative.
Baton Rouge Airport police officers are municipal law enforcement officers. Citing the case of Hair vs. City of Baton Rouge,297 So.2d 451 (La.App. 1st Cir. 1974), this office has concluded that the Baton Rouge Airport Authority is an arm of the municipality. "In other words, the officers are not employees of a political subdivision separate from the municipality, but are instead employed under the municipality's authority under R.S. 2:131 and R.S. 2:138 to establish and police a city-owned airport". See Attorney General Opinion 83-43, copy attached.
Further, East Baton Rouge Parish Ordinance 5977 recognizes airport district police officers as "municipal police officers" and provides:
 BE IT ORDAINED by the Parish Council of the Parish of East Baton Rouge that Title 15, Chapter 1, of the Code of Ordinances of the Parish of East Baton Rouge is hereby amended so as to add to Section 16 a paragraph (D) which shall read as follows:
 "D) The officers of the Greater Baton Rouge Airport District Police Force are hereby recognized as `Municipal Police Officers' as defined in LA-R.S. 33:2218.1, et seq."
R.S. 35:399 authorizes the chief of police to designate airport police as ex-officio notaries public because they are municipal police officers.[1]
We hope the foregoing is helpful to you. Should you have further questions, please contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: August 27, 2001
[1] § 399. Ex officio notaries for police departments
A. Notwithstanding any provisions of the law relative to qualifications of notaries public, each chief of police maydesignate officers in his office and appoint them as ex officionotaries public.
B. Each officer so appointed may exercise, in the municipalitythat the police department serves, the functions of a notarypublic only to administer oaths and execute affidavits,acknowledgements, and other documents, all limited to matterswithin the official functions of the police department for theenforcement of the provisions of any statute which provide forcriminal penalties and of the municipal ordinances which thepolice department is charged with enforcing.
C. Each ex officio notary public shall fulfill the same bond requirements as provided by law for notaries in the parish in which the municipality is located. The municipality shall pay as an expense of the office of the chief of police the costs of the notarial seal, the notarial bond, and any fees required for filing the bond.
D. All acts performed by each ex officio notary public authorized by this Section shall be performed without charge or other compensation.
E. The chief of police may suspend or terminate an appointment made pursuant to this Section at any time, and separation from the employee of the police department shall automatically terminate the powers of the ex officio notary public. (Emphasis added).
 *1 OPINION NUMBER 83-43
February 16, 1983
1-B AERONAUTICS — AIRPORTS — CIVIL AIR PATROL 60 LAW OFFICERS — AUTHORITY JURISDICTION 71 MUNICIPALITIES
Baton Rouge Airport Police Officers are municipal police Officers entitled to supplemental pay. R.S. 33:2218.2 R.S. 2:131 R.S. 2:138
Mr. Sid Gautreaux Chairman Board of ReviewMunicipal Police Officers Supplemental Pay Post Office Box 66614 Baton Rouge, Louisiana 70896
Dear Mr. Gautreaux:
In your letter dated January 11, 1983, you requested an opinion of this office relative to the eligibility of the Baton Rouge Municipal AirportPolice officers for supplemental pay.
The pertinent portion of R.S. 33:2218.2 states, in Part C:
`For purposes of this Subpart a municipal police officer entitled to additional pay of state funds shall mean and refer to: (1) Any person employed on a full time basis by a municipality and all of whose compensation out of public funds is paid solely from municipal funds for full-time work as a duly commissioned law enforcement officer for the performance of primary duties which encompass the enforcement of state laws and municipal ordinances including actual enforcement of state and local traffic laws, the making of physical arrests, testifying in court, bearing arms and other like functions.'
In determining whether the airport police officers are within the coverage of this provision, the purpose of supplemental pay provisions should be considered. That purpose is stated in R.S. 33:2218.1, which states that the Legislature under its police power, in the hope of promoting public peace and safety by providing better enforcement of the law, and particularly the enforcement by municipal police officers, elects to supplement the pay of such officers. Except where this purpose would be clearly abased, the supplemental pay provisions should be broadly construed so as to favor an employee's inclusion within its coverage.
The municipal airport police officers perform law enforcement functions including presumably the power to make arrests, bear arms, etc., along with crime prevention, inspection and investigative responsibilities. As such, the characterization of these officers as law enforcement officers within the meaning of the statute is apparent.
The decisive issue, however, is whether the airport police officers, as law enforcement officers, are `municipal' law enforcement officers. The determining factor is not whether such officers are under the direction of the Baton Rouge City Police Chief, but instead is whether the compensation for such officers is derived from public funds paid by the municipality. Were the Airport Authority a separate corporate body founded under the Airport Authorities Law, the conclusion that such officers were not paid by the municipality might be justified. However, in the case of Hair v. City of Baton Rouge, 297 So.2d 451 (Ct.App. 1st Cir. 1974), the court lent support to the conclusion that the Baton RougeAirport Authority is not an `authority' under the Airport Authorities Act, but is instead, an arm of the municipality itself under the UniformAirports Act. In other words, the officers are not employees of a political subdivision separate from the municipality, but are instead employed under the municipality's authority under R.S. 2:131 and R.S. 2:138
to establish and police a city-owned airport.
*2 Therefore, under the facts available to this office, the airportpolice officers appear to be `municipal police officers' under the supplemental pay provisions. The resolution of the Baton Rouge City Council of May 12, 1982, recognizing these officers as municipal police
officers supports this conclusion.
In conclusion, the Baton Rouge Metropolitan Airport Police Officers, asmunicipal police officers, are within the scope of R.S. 33:2218.2 (C) and are eligible for supplemental pay under those provisions.
Sincerely
William J. Guste, Jr. Attorney General
By: Kenneth C. Dejean Chief Counsel La. Atty. Gen. Op. No. 83-43, 1983 WL 177582 (La.A.G.)